[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence March 23, 1990 Date of Application March 23, 1990 Date Application Filed March 26, 1990 Date of Decision September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield. CT Page 10947
Docket No. 32613.
Frank J. Riccio, Esq., Defense Counsel, for Petitioner.
John Smriga, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of the crime of murder in violation of General Statutes § 53a-54a(a). As a result of such conviction petitioner was sentenced to a term of sixty years. This sentence was to be served consecutive to a sentence previously imposed.
The facts underlying petitioner's conviction may be summarized as follows. In early 1984, the victim and two other individuals went into petitioner's garage. After a brief discussion between petitioner and the victim petitioner handed one of the other gentlemen present a baseball bat and told him not to let the victim leave. The victim attempted to leave whereupon the party holding the bat struck the victim one or two times. An altercation between the person with the bat and the victim ensued. Petitioner picked up the bat and hit the victim repeatedly on the head causing him to fall down and to lose blood from the head area. The victim being unconscious, petitioner and the other two men placed the victim in a padlocked refrigerator. The parties then drove the refrigerator to a dock in Bridgeport and threw the locked refrigerator into the water. The victim's body has never been recovered.
Petitioner's attorney urged the Division to reduce the sentence. He pointed out that the sentence was the maximum sentence which could be imposed and was consecutive to a prior conviction in which a sentence of sixty-five years for murder and other charges was imposed. The attorney claimed that this sentence was excessive and disproportionate. He also argued that the prior sentence was the result of extraneous matters which improperly effected the sentence. The attorney argued CT Page 10948 that the ends of society would best be served by concurrent sentences rather than consecutive.
Speaking on his own behalf, petitioner also requested a reduction and pointed out that prior to trial a plea bargain involving a concurrent sentence was discussed.
The state's attorney argued against any reduction. He argued that this murder conviction was the result of petitioner's attempt to cover up his organized criminal activity. The state's attorney also pointed out that the victim had been beaten with a baseball bat on the orders of petitioner who finished the job resulting in the death of the victim.
At the time of sentencing, petitioner had an extensive criminal record. Most of his prior convictions were for larcenies. Although these convictions did not involve violence, they do indicate petitioner's antisocial character and give credence to the state's argument that he was involved in organized crime. The sentence being considered here is petitioner's second murder conviction involving violent death in which the victim's body was never recovered.
The sentence imposed should not be modified. It is not inappropriate or disproportionate in light of the nature of the violent crime, the character of petitioner as indicated by his prior criminal activity and the need to protect the public and deter others from such criminal activity. Practice Book § 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Stanley, J.
Purtill, J., Klaczak, J. and Stanley, J. participated in this decision. CT Page 10949